UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SIDNEY KEYS, SR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GUILD MORTGAGE and ) <br> MICHAEL BIALES, ) <br> ) <br> Defendants. ) | Case No. 4:25-cv-00319-SRW |

## **MEMORANDUM AND ORDER**

Self-represented and frequent-filer Sidney Keys, Sr. brings this civil action for alleged violations of his civil rights. The matter is now before the Court upon the motion of Plaintiff Keys for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 3. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee. *See* 28 U.S.C. § 1915(a)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). As such, Plaintiff's motion for appointment of counsel will be denied as moot.

**Plaintiff's Background and Pleadings**

As documented in this Court's records, Plaintiff Sidney Keys has a long history of filing frivolous or meritless lawsuits in this Court. He filed cases as far back as 2010, but more recently, in 2023 and 2024, he filed over thirty (30) cases. In this case, Plaintiff sues Guild Mortgage and its employee Michael Biales, asserting "housing discrimination based on race." ECF No. 1 at 1-3. In support of this claim, Plaintiff alleges that he called defendant Michael

Biales at Guild Mortgage on an unspecified date and told him that he "wanted to purchase a 4 family apartment building in Clayton or Ladue School district." *Id.* at 5. After Plaintiff responded in the affirmative to Biales's question as to whether Plaintiff is African American, Plaintiff alleges that Biales hung up the phone. *Id.* Plaintiff states that he was planning to use his "VA home loan for the very first time as a marine corps disabled veteran with combat experience in Panama in 1983." *Id.* In addition, Plaintiff attached a screenshot of a text conversation that he allegedly had with Michael Biales. When Plaintiff texted that he was a Veteran seeking a VA home loan, Biales responded that he had been delayed in responding because of some "trouble" with Plaintiff's file, but that he had left Plaintiff a message and that Plaintiff should call if he would like to discuss. ECF No. 1-3 at 1. As relief, Plaintiff seeks "what ever is deemed by the Jury." ECF No. 1 at 5.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980);

*see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## Discussion

Plaintiff brings this case under the Court's federal question jurisdiction, stating that he was racially discriminated against. Section 1981 of Title 42 of the United States Code provides, in relevant part, that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts." 42 U.S.C. §1981(a). To "make and enforce contracts" includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* § 1981(b). To assert a prima facie § 1981 claim, Plaintiff must allege, among other things: (1) he was a member of a protected class; and (2) defendants acted with discriminatory intent. *Yang v. Robert Half Int'l, Inc.*, 79 F.4th 949, 962 (8th Cir. 2023).

In this case, nothing in the Complaint establishes discriminatory intent by the defendants. Plaintiff's allegation that defendant Biales hung up on him does not permit the inference that the

defendants acted with discriminatory intent.  Plaintiff here applied to proceed without prepayment of fees and costs in this case, stating that he has no cash and no money available in any checking or savings account.  Yet, at the same time, Plaintiff states that he called the defendant mortgage company seeking a loan on a four-family apartment building, in areas known for expensive real estate.  Even if Plaintiff could qualify for a specific home loan due to his status as a Veteran, the fact that he has no money available as a down payment could easily disqualify him.

Although self-represented complaints must be liberally construed, *Erickson*, 551 U.S. at 94, nevertheless, such pleadings cannot be conclusory, and must set forth facts that, taken as true, state a claim as a matter of law.  *Johnson v. Stark*, 717 F.2d 1550, 1552 (8th Cir. 1983).  The Court "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations."  *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).  Such is the case here.  Plaintiff's sole accusation that he was hung up on due to his race does not support a claim of racial discrimination.  Plaintiff has pled no facts from which the Court could find a claim for relief that is plausible on its face.

Having thoroughly reviewed and liberally construed the Complaint, the Court finds that it fails to state a plausible section 1981 claim.  Plaintiff does not identify, and the Court cannot discern, any other potential theory of recovery.  The Court will therefore dismiss this case for failure to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B), and deny as moot Plaintiff's motion to appoint counsel.

The Court has considered whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.

4

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 3] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. 28 U.S.C. § 1915(e)(2)(B).  A separate order of dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel [ECF No. 2] is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 8th day of July, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE